**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| **MYRAN KELLEY,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **1:11-CV-39-BL** |
| **DR. JACK SHINKLE,** | § | **ECF** |
| ***et al.*,** | § | |
| | § | |
| **Defendants.** | § | **Assigned to U.S. Magistrate Judge** |

**ORDER TO DISMISS WITH PREJUDICE AS FRIVOLOUS**

Myran Kelley, Texas inmate # 1622103, filed suit under 42 U.S.C. § 1983 complaining that Defendants were deliberately indifferent to his serious medical needs (Doc. 2). The case was referred to the United States Magistrate Judge for screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

On May 24, 2011, the court held an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) (Doc. 18). Kelley has given his consent to proceed before the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c) (Doc. 10).

## I. FACTUAL BACKGROUND[1]

Myran Kelley is an inmate confined to the French Robertson Unit ("Robertson Unit") of the Texas Department of Criminal Justice ("TDCJ"). On November 22, 2010, Kelley fell to the floor while trying to climb into his top bunk. As a result of the fall, Kelley was immediately taken to the

[1] The facts stated herein are a summary of the factual claims asserted by Plaintiff in his complaint and *Spears* hearing testimony. To the extent that Plaintiff chose to submit other supporting documents to the court, such documents have been utilized in setting forth the facts.

infirmary, where he received treatment from Dr. Shinkle. Dr. Shinkle prescribed Kelley a set of crutches and pain medication, gave him a bottom bunk assignment instruction, and indicated that he would be given certain work restrictions for six months.

Several days prior to the November 22 fall, Kelley submitted I-60 request forms complaining about a back injury he sustained approximately five years prior to his incarceration. In response to his request for an evaluation, Karen Horsely and Nurse Willis indicated that they would set up an appointment to see Dr. Shinkle. However, Kelley did not get to see Dr. Shinkle before he fell out of his bunk.

Eight days after his fall, Kelley was required to turnout for work in the garment factory. Because he believed that his injury was too severe for him to work in the garment factory, he refused to work. On December 14, 2010, his legs gave out while walking to his job assignment.

Kelley seeks an award of compensatory and punitive damages.

**II. JUDICIAL REVIEW**

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the court must evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is immune from such relief. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A questionnaire or evidentiary hearing may be

used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (use of questionnaire); *Spears*, 766 F.2d 179 (use of an evidentiary hearing).

## III. ANALYSIS

### A. Deliberate Indifference Claims

Kelley alleges that the Defendants were deliberately indifferent to his serious medical needs. He claims that both Horsely and Willis failed to secure him an appointment with Dr. Shinkle before he fell from his bed. He also alleges that Dr. Shinkle's treatment was inadequate to the extent that he does not agree with the restrictions that Dr. Shinkle placed on him. Specifically, Kelley believes his restrictions should have included a bottom floor housing instruction and an instruction against working in the garment factory.

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297, (1991) (internal quotation marks and citation omitted). "Deliberate indifference is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). A prison official or doctor acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) "'Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.'" *Gobert*, at 346 n. 24 (quoting *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995)). Unsuccessful medical treatments, negligence, and medical malpractice are

insufficient to give rise to a successful claim of deliberate indifference to serious medical needs. *Id*. at 346. A prisoner's disagreement with his medical treatment does not raise a viable deliberate indifference claim, absent exceptional circumstances. *Id*.; *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). In order to prevail, a plaintiff must establish that the defendant "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Gobert*, 463 F.3d at 346 (citing *Domino*, 239 F.3d at 756).

With respect to Dr. Shinkle, Kelley's allegations merely amount to dissatisfaction with his prescribed course of treatment, which without exceptional circumstances, is insufficient to state a viable deliberate indifference claim. *Gobert*, 463 F.3d at 346 (citing *Domino*, 239 F.3d at 756). Kelley has not demonstrated the existence of an exceptional circumstance, therefore, his claim must fail. *Id*.

Additionally, Kelley's sole allegation against Horsely and Willis is that he requested an appointment with Dr. Shinkle to discuss his five year old back injury and, before he was seen by the doctor, he fell and injured himself. Essentially, he argues that had the nurses scheduled the appointment sooner, he would not have suffered the injury. In *Sutherland v. Zeller*, the Fifth Circuit considered a similar claim by an inmate that acquired a severe fever while he was waiting on his doctor's appointment. 69 F.3d 536 (5th Cir. 1995). The court found that the inmate's illness, at the time he was scheduled an appointment, was not exceptional; that is, it was not so serious that prison official's could have inferred the obvious nature of the risk associated with his illness. *Id*. Because the illness was not exceptional, the court held that the inmate failed to demonstrate that any prison official was aware of a substantial risk of harm. *Id*. Here, Kelley presented himself to Horsely and

Willis complaining about a five year old injury. The age of the injury militates against the notion that Kelley presented himself to the Defendants with an exceptional injury. Further, Kelley does not allege that he requested immediate treatment for his injury, rather, he merely requested an appointment with Dr. Shinkle. These facts do not demonstrate the existence of an exceptional injury, and thus, Kelley has not demonstrated that Horsely and Willis were aware that his five year old back injury presented a substantial risk of harm.

Having carefully considered Kelley's allegations, the court finds that his claim of deliberate indifference lacks an arguable basis in law or fact, and is therefore **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

## IV. CONCLUSION

The court finds that Plaintiff has failed to state a cognizable claim against any named Defendant, and all such claims are **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

Judgment shall be entered accordingly. This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Any pending motions are **DENIED**.

A copy of this order shall be sent by first-class mail to all parties appearing *pro se.* Any attorney of record shall be notified electronically or by first-class mail.

**SO ORDERED**.

DATED this 8th day of September, 2011.

**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**